UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PAMELA TERNOIR OLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:15-CV-190-TAV-CCS |
| ) | |
| TITLEMAX a/k/a TITLEMAX OF ) | |
| TENNESSEE, INC. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Defendant's Partial Motion to Dismiss [Doc. 4]. Titlemax of Tennessee, Inc. moves the Court to dismiss for failing to state a claim plaintiff's claims for: failure to accommodate under the Tennessee Disability Act ("TDA"), Tenn. Code Ann. § 8-50-103; discriminatory discharge under the Americans with Disabilities Act ("ADA") and the TDA; hostile work environment under the ADA and TDA; retaliation under the ADA; and race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII").[1] Plaintiff has responded in opposition to the partial motion to dismiss [Doc. 10], and defendant has replied [Doc. 13].[2] For the reasons set

---

[1] Defendant's Partial Motion to Dismiss [Doc. 4] also states that plaintiff's Title VII gender discrimination claim should be dismissed for failing to state a claim, but in its reply to Plaintiff's Opposition to Defendant's Motion to Dismiss [Doc. 10], defendant acknowledges that this claim may proceed [Doc. 13 p. 1]. Accordingly, the Court will not address this claim.

[2] The Court notes that defendant appears to have filed its reply to plaintiff's response twice [Docs. 13, 14]. For ease of reference, and because the two documents appear to be identical, the Court will refer exclusively to Document 13.

forth below, the Court will grant in part and deny in part defendant's partial motion to dismiss as to those claims.

I. Background[3]

Plaintiff Pamela Oliver, a former employee at defendant Titlemax of Tennessee, Inc., was diagnosed at a young age with asthma, but her condition was "generally under control as long as conditions were conducive" [Doc. 1 ¶¶ 4, 5]. She submits that, prior to being employed by defendant, she had not experienced an asthma attack "in some years" [*Id.*].

When the air conditioning at defendant's Magnolia Avenue location "was in disrepair for nearly two months," plaintiff informed her then-manager Christopher Clark of her asthma condition [*Id.* ¶¶ 6, 7]. Plaintiff states that she also informed her manager Demarius McMillan of her phobia of driving on the interstate, and that defendant was generally aware of her "difficulties from ADHD and anxiety" [*Id.* ¶¶ 5, 8]. After informing defendant of her conditions, on certain days with extreme weather—hot or cold—defendant would accommodate plaintiff by assigning her to work at a different branch [*Id.* ¶¶ 6, 7]. Plaintiff also was accommodated when defendant's office was being remodeled and plaintiff was bothered by the fumes, dust, and debris [*Id.* ¶ 9].

---

[3] For the purposes of a motion to dismiss, the Court takes plaintiffs' factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint." (citations omitted)).

On January 23, 2014, Marty Stapleton, a manager at one of defendant's branches, assigned plaintiff to perform an inventory on an automobile outside that had been repossessed [*Id.* ¶ 10]. Plaintiff informed Mr. Stapleton of her asthma condition, and requested an accommodation, as the weather was particularly cold that day [*Id.*]. Despite this, Mr. Stapleton "insisted that [p]laintiff perform this assignment" [*Id.*]. Plaintiff performed the inventory search in order to prevent her job from being "placed in jeopardy" [*Id.* ¶ 11]. After completing the assignment, plaintiff "was gasping for air," and attempted to use her asthma inhaler [*Id.* ¶ 12]. She continued "coughing and wheezing" until she "collapsed onto the floor and passed out," and was taken to the hospital and treated for her asthma attack [*Id.*]. Even though her symptoms persisted, plaintiff returned to work the following day out of fear of retaliation from Mr. Stapleton [*Id.* ¶ 13]. Plaintiff saw her primary physician the following week, but eventually had to take leave under the Family Medical Leave Act ("FMLA") as a result of her continuing asthma and anxiety attacks [*Id.* ¶ 14]. Defendant terminated plaintiff when her leave expired and she was unable to return to work under normal conditions [*Id.*].

Thereafter, plaintiff filed a Charge of Discrimination ("original charge") with the Equal Employment Opportunities Commission ("EEOC"). Plaintiff's original charge was filed on April 3, 2014 [Doc. 5-1], but plaintiff filed an amended Charge of

Discrimination ("amended charge") on May 1, 2014 [Doc. 13-1].[4] Plaintiff's amended charge states:

> I am a store manager with the above company. The company employs more than 15 employees.
>
> I have an acute disability and on January 23, 2014, it was very cold outside. I knew that if I go outside that particular day to inspect some of the vehicles, it would cause my disability to flare up. As a responsible manager, I asked my GM for a reasonable accommodation to not go outside because I knew of the consequences. However, my GM denied my request and [I] had no recourse but to go outside to inspect these cars. As a result, I became very sick and am still suffering from going outside that particular day. Also, male managers who have the same responsibility as me are receiving more pay than me.
>
> I believe that I was discriminated against because of my disability, in violation of the American with Disabilities Act . . . of 2008, and the Equal Pay Act of 1963.

[Doc. 13-1]. In the section of the charge where plaintiff marked what the discrimination was based on, plaintiff marked the boxes for "disability" and "other," next to which she specified "equal pay" [*Id.*].

Plaintiff brought this action within ninety days of receiving a Notice of Right to Sue [Doc. 1 ¶ 1]. Plaintiff's complaint contains the following claims against defendant: failure to accommodate under the ADA and TDA; discriminatory discharge under the

---

[4] The Court finds it may consider plaintiff's EEOC charge in this case, as plaintiff expressly refers to the charge in her complaint, and defendant attached a copy of both the charge and amended charge to its motion and reply [Docs. 1 ¶ 1, 5-1, 13-1]. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citing *Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir.1997)) (holding that in ruling on a Rule 12(b)(6) motion, the court may consider "documents that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiffs complaint and are central to her claim").

4

ADA and TDA; hostile work environment under the ADA and TDA; retaliation under the ADA; and race and gender discrimination under Title VII [*Id.* ¶¶ 15–33; Doc. 5 pp. 2–3].

## II. Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure sets forth a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). It requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In doing so, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476

5

(6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

## III. Analysis

Defendant has moved to dismiss plaintiff's claims for failure to accommodate under the TDA, discriminatory discharge under the ADA and TDA, hostile work environment under the ADA and TDA, retaliation under the ADA, and race discrimination under Title VII [Docs. 5, 13]. Defendant submits that plaintiff has failed to exhaust her administrative remedies her ADA and Title VII claims [Doc. 5 pp. 4–7], or to sufficiently plead any of her claims, including those under the TDA [*Id.* at 8–12].

### A. Failure to Exhaust Administrative Remedies

Defendant moves the Court to dismiss plaintiff's ADA claims for discriminatory discharge, hostile work environment, and retaliation; and plaintiff's Title VII race discrimination claim, as it alleges she has failed to exhaust her administrative remedies with respect to those claims [Docs. 5, 13].

"Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th

6

Cir. 2000) (citing 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)). Until an employee receives a right to sue letter from the EEOC, she has not exhausted her administrative remedies and may not file suit under the ADA. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (procedures in § 2000e-5 apply to claims brought under the ADA). Similarly, under Title VII, the claimant must register a formal charge with the EEOC prior to filing race or gender discrimination suits in federal court. 42 U.S.C. § 2000e-5(b), (e); *Weston v. Wal-Mart Stores E., Inc.*, No. 3:08-CV-177, 2008 WL 4372772, at *2–3 (E.D. Tenn. Sept. 18, 2008).

"A charge may be amended to cure technical defects or omissions, including . . . to clarify and amplify allegations made therein." 29 C.F.R. § 1601.12(b). Such amendments alleging additional acts "will relate back to the date the charge was first received." *Id.* To relate back, a charge must be in writing and "sufficiently precise to identify the parties and to describe generally the actions or practices complained of." *Id.*

A district court's jurisdiction to hear cases arising under the ADA or Title VII is "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Johnson v. Cleveland City Sch. Dist.*, 344 F. App'x 104, 109 (6th Cir. 2009) (citing *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991)). "Therefore, a plaintiff may bring suit on an uncharged claim if it was reasonably within the scope of the charge filed[,]" or if the agency discovers evidence of the discrimination

7

relating to the uncharged claim while investigating plaintiff's charge. *Id.* (citing *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998)).

Defendant submits that plaintiff has not exhausted her administrative remedies as to her ADA claims for discriminatory discharge, retaliation, and hostile work environment, or her administrative remedies as to her Title VII claim for race discrimination.

The Court first notes that plaintiff filed her charge and amended charge with the EEOC within 300 days of the alleged discriminatory conduct, as she suffered an asthma attack on January 23, 2014, and filed her charge on April 3, 2014. Her amended charge, filed on May 1, 2014, relates back to the date of her original charge.

Plaintiff's amended charge alleges that on January 23, 2014, she sought a reasonable accommodation from her general manager, which she did not receive [Doc. 13-1]. By failing to accommodate her on that day, defendant's conduct caused plaintiff to become "very sick" [*Id.*]. The amended charge also submits that plaintiff's male co-workers were receiving greater pay than she was receiving [*Id.*]. Here, the Court finds that the amended EEOC charge does not contain explicit claims for discriminatory discharge under the ADA, retaliation under the ADA, hostile work environment under the ADA, or race discrimination under Title VII. Thus, the Court must determine whether such claims could be reasonably expected to grow out of the discrimination and equal pay charges that plaintiff has alleged in her amended charge. This requires an inquiry into whether these uncharged claims are "reasonably within the scope of the charge," or

8

whether the agency discovered evidence of such uncharged discrimination while investigating the claim. *Johnson*, 344 F. App'x at 109. The Court finds that these uncharged claims do not reasonably grow out of the charged claims.

First considering plaintiff's discriminatory discharge claim under the ADA, the Court finds that plaintiff's charge does not allege that she was discharged at all, nor does it state facts sufficient to prompt the EEOC to investigate on its own whether she had been discriminatorily fired. The amended charge does not include any facts pertaining to an alleged termination or discharge, so the Court is unable to find that a discriminatory discharge claim reasonably grows out of the charged claims. *See Weston*, No. 3:08-CV-177, 2008 WL 4372772, at *3 (finding that plaintiff submitted no evidence that the EEOC's investigation of the allegedly discriminatory transfer revealed that she had also been terminated for discriminatory reasons, and that the charged facts were not so broad so as to prompt the EEOC to investigate on its own whether she had been discriminatorily fired). Accordingly, plaintiff's discriminatory discharge claim under the ADA must be dismissed for failure to exhaust her administrative remedies.

Turning next to plaintiff's claim of retaliation under the ADA, the Court notes that on the amended EEOC charging form, plaintiff marked the boxes that noted her discrimination was based on "disability" and "other," specifying "equal pay" [Doc. 13-1]. The Sixth Circuit has noted that if an EEOC charge does not properly allege a claim for retaliation, the court will only have jurisdiction over a claim for retaliation arising from filing the EEOC charge itself. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 831 (6th

9

Cir. 1999). On the charging form, plaintiff did not specify that she was alleging retaliation, and furthermore, plaintiff's allegations on the charge do not indicate that defendant retaliated against plaintiff, and a retaliation claim does not reasonably grow out of plaintiff's claims. *See, e.g.*, *Younis*, 610 F.3d at 363 (finding that plaintiff checked off the boxes for race and national origin discrimination, but that nothing indicated plaintiff was alleging retaliation as well). Plaintiff has also not alleged that she was retaliated against from filing the EEOC charge itself. The Court thus finds that plaintiff's uncharged ADA retaliation claim should be dismissed, for failing to exhaust her administrative remedies.

The Court finds that the same is true for plaintiff's race discrimination claim under Title VII. On plaintiff's EEOC charge, she did not mark the box indicating that her discrimination was based on "race" [Doc. 13-1]. She also notes on her charge that she was denied a reasonable accommodation, and that male counter-parts are receiving higher pay than she is [*Id.*]. Nowhere in these allegations does plaintiff allege race discrimination, and the Court finds that a race discrimination claim does not reasonably grow out of the claims contained in her charge. The Court also finds that the claims contained in the charge are not sufficient to prompt the EEOC to investigate racial discrimination. In sum, plaintiff has failed to exhaust her administrative remedies for her race discrimination claim under Title VII, and this claim should be dismissed.

10

Finally, turning to plaintiff's hostile work environment claim under the ADA, to establish a hostile work environment, plaintiff must demonstrate that: "(1) she was disabled; (2) she was subject to unwelcome harassment; (3) the harassment was based on her disability; (4) the harassment unreasonably interfered with her work performance; and (5) the defendant either knew or should have known about the harassment and failed to take corrective measures." *Trepka v. Bd. of Educ.*, 28 F. App'x 455, 461 (6th Cir. 2002). The Supreme Court has stated that the conduct must be "sufficiently severe or pervasive to alter the conditions of the victim's employment," and that conduct that is "merely offensive" does not satisfy these requirements. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

In plaintiff's charge, she describes a single instance in which her general manager did not accommodate her request to not go outside, and she states that she was paid less than her male counterparts [Doc. 13-1]. Plaintiff does not allege in her charge that her manager or any co-worker harassed her, or that such harassment interfered with her work performance. The Court finds that plaintiff's uncharged hostile work environment claim does not reasonably grow out of plaintiff's charge for failing to accommodate a disability or for gender discrimination based on wage disparity, as the conduct alleged in plaintiff's charge does not amount to harassment based on her disability. The Court also finds that the facts included in plaintiff's amended charge would not have prompted the EEOC to investigate a hostile work environment claim under the ADA. *See, e.g.*, *Connor v. City of Jackson, Tenn.*, 669 F. Supp. 2d 886, 894 (W.D. Tenn. 2009) (finding that a hostile work

environment claim did not grow out of plaintiff's charge of discrimination, and noting that "not every act of discrimination or retaliation creates a hostile work environment"). Accordingly, this claim should be dismissed for plaintiff's failure to exhaust her administrative remedies prior to filing the instant suit.

### B. Failure to State a Claim

Defendant also moves the Court to dismiss plaintiff's TDA claims for failure to accommodate, discriminatory discharge, and hostile work environment, as it alleges she has failed to state a claim with respect to those claims [Docs. 5, 13].

The TDA prohibits private employers from discriminating against employees "based solely upon any physical, mental or visual disability of the applicant, unless such disability to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved." Tenn. Code Ann. § 8-50-103(b). "A claim brought under the THA [Tennessee Handicap Act, now known as TDA] is analyzed under the same principles as those utilized for the Americans with Disabilities Act." *Cardenas-Meade v. Pfizer, Inc.*, No. 12-5043, 2013 WL 49570, at *2 n.2 (6th Cir. Jan. 3, 2013) (quoting *Sasser v. Quebecor Printing (USA) Corp.*, 159 S.W. 3d 579, 584 (Tenn. Ct. App. 2004)).

To succeed on a discrimination claim under the TDA, plaintiff must show that (1) she was qualified for the position; (2) she was disabled; and (3) she suffered an adverse employment action because of that disability. *Bennett v. Nissan N. Am., Inc.*, 315 S.W.3d 832, 841 (Tenn. Ct. App. 2009) (citing *Barnes v. Goodyear Tire & Rubber Co.*, 48

12

S.W.3d 698, 705 (Tenn. 2000), *abrogated on other grounds by Gossett v. Tractor Supply Co.*, 320 S.W.3d 777 (Tenn. 2010)).  These elements are "very similar to those of the ADA, but do not include a 'reasonable accommodation' component."  *Bennett*, 315 S.W.3d at 841–42 (citing *Robertson v. Cendant Travel Servs., Inc.*, 252 F. Supp. 2d 573, 583 (M.D. Tenn. 2002)).  *See also Jones v. Sharp Elecs. Corp.*, No. W2013-01817-COA-R3CV, 2014 WL 806131, at *3 (Tenn. Ct. App. Feb. 28, 2014) ("Unlike its federal counterpart, the Americans with Disabilities Act . . . , the TDA does not impose a duty on employers to make reasonable accommodations to accommodate a disabled employee").  Thus, courts will not find that an employer discriminated against its employee if the employee's disability prevented or impaired him or her from performing the job's duties.  *Jones*, No. W2013-01817-COA-R3CV, 2014 WL 806131, at *3 (citing *Bennett*, 315 S.W.3d at 841).

Applying these principles to plaintiff's failure to accommodate claim under the TDA, plaintiff admits in her complaint that she was terminated "when her leave expired and she was yet unable to return to work under normal workload and conditions" [Doc. 1 ¶ 14].  As plaintiff's disability impaired her from performing her normal job's duties, the Court finds that defendant did not discriminate against plaintiff's disability by terminating her as a result of her inability to return to her normal workload.  Accordingly, plaintiff's claim for failure to accommodate under the TDA is dismissed.

13

Case 3:15-cv-00190-TAV-CCS   Document 15   Filed 03/04/16   Page 13 of 17   PageID #: 111

Turning next to plaintiff's discriminatory discharge claim, under the ADA, to make out a prima facie case for discriminatory discharge, plaintiff must demonstrate (1) she is disabled; (2) she is otherwise qualified for the position with or without a reasonable accommodation; (3) she suffered an adverse employment decision; (4) her employer knew or had reason to know of her disability; and (5) her position remained open. *Cash v. Siegel-Robert, Inc.*, 548 F. App'x 330, 335 (6th Cir. 2013) (citing *Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 449 (6th Cir. 1999)).

As the Court has already dismissed plaintiff's claim under the ADA, it will only consider plaintiff's claim under the TDA. As previously mentioned, "[t]he TDA does not require that a reasonable accommodation be made." *Cardenas-Meade*, 510 F. App'x at 370 n.6 (citing Tenn. Code. § 8–50–103). Thus, as to the second prong of the inquiry, plaintiff must demonstrate that she is otherwise qualified for the position without a reasonable accommodation. Plaintiff acknowledges that she was unable to perform her "normal workload and conditions" once her FMLA leave expired [Doc. 1 ¶ 14]. Thus, the Court finds that plaintiff is unable satisfy the second prong of her discriminatory discharge claim under the TDA. *See Jones*, No. W2013-01817-COA-R3CV, 2014 WL 806131, at *4 (upholding the district court's grant of summary judgment as to plaintiff's discriminatory discharge claim under the TDA, as plaintiff had exhausted all of her leave time available under the FMLA and was still unable to return to work to perform her job duties). As plaintiff has failed to state a claim for discriminatory discharge under the TDA, plaintiff's claim is dismissed.

Finally, turning to plaintiff's hostile work environment claim under the TDA, the Court must analyze this claim the same as it would a hostile work environment claim under the ADA. *Cardenas-Meade*, No. 12-5043, 2013 WL 49570, at *2 n.2. As detailed above, plaintiff must demonstrate that: "(1) she was disabled; (2) she was subject to unwelcome harassment; (3) the harassment was based on her disability; (4) the harassment unreasonably interfered with her work performance; and (5) the defendant either knew or should have known about the harassment and failed to take corrective measures." *Trepka*, 28 F. App'x at 461. The harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment," because "merely offensive" conduct does not satisfy these requirements. *Harris*, 510 U.S. at 21.

Under Count III of plaintiffs complaint, in which she details her TDA claims, plaintiff submits that defendant violated the TDA when it created a hostile work environment "anytime [p]laintiff would attempt to perform her duties" [Doc. 1 ¶ 25]. Earlier, under Count I where plaintiff details her ADA discrimination claims, plaintiff further explains that Mr. Stapleton "created a hostile work environment by regularly taunting [p]laintiff when tasks were not completed as fast as he desired due to [plaintiff's] ADHD coupled with her anxiety" [*Id.* ¶ 19].

Construing the complaint in the light most favorable to plaintiff, accepting her allegations as true, and drawing all reasonable inferences in her favor, the Court finds that plaintiff has stated a plausible claim to relief as to her hostile work environment claim under the TDA. *Directv, Inc.*, 487 F.3d at 476. Plaintiff's complaint contains sufficient

15

factual detail to enable the Court to draw a reasonable inference that she was disabled and was subject to unwelcome harassment due to Mr. Stapleton's taunting. She submits that this alleged harassment was prompted by her disability, and she has pled sufficient factual detail for the Court to reasonably infer that the harassment unreasonably interfered with her work performance. The Court may also reasonably infer the defendant either knew or should have known about the harassment but failed to take corrective measures, as the defendant was aware of plaintiff's disabilities and had previously granted her accommodations due to those disabilities [Doc. 1 ¶¶ 5–9]. *Iqbal*, 556 U.S. at 678; *Trepka*, 28 F. App'x at 461. Finally, plaintiff states that she was "regularly" taunted by Mr. Stapleton, which the Court finds could have been sufficiently pervasive so as to alter the conditions of her employment. *Harris*, 510 U.S. at 21. Accordingly, defendant's motion as to plaintiff's hostile work environment claim under the TDA is denied.

## IV. Conclusion

For these reasons, defendant's partial motion to dismiss [Docs. 4] is **GRANTED IN PART** and **DENIED IN PART**. The Court **DISMISSES** plaintiff's claims against defendant for failure to accommodate under the TDA, discriminatory discharge under the ADA and TDA, hostile work environment under the ADA, retaliation under the ADA, and race discrimination under Title VII. Plaintiff's claim against defendant for hostile work environment under the TDA is not dismissed; nor are plaintiff's claims for failure to accommodate under the ADA, which the defendant did not move to dismiss, and gender

16

discrimination under Title VII, which defendant acknowledged in its reply can survive [Doc. 13 p. 2].

    IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        CHIEF UNITED STATES DISTRICT JUDGE